# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO S.V., MINOR CHILD.

No. 83008

MARTINA C.V.,
Appellant,
vs.
JOHN G.E.,
Respondent.

FILED

AUG 1 1 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Soonhee Bailey, Judge.[1]

Appellant Martina C.V. is the biological mother of 11-year-old S.V. When S.V. was two years old, Child Protective Services (CPS) removed S.V. from Martina's care because she left S.V. with a babysitter and did not return. Once a paternity test established respondent John G.E. as S.V.'s biological father, CPS placed S.V. with John; S.V. has lived with John and his wife ever since. After approximately two years without any contact with Martina, John obtained a court order for Martina to pay child support. In separate proceedings, the parties agreed to joint custody and established a visitation schedule, by which Martina inconsistently abided. In the spring of 2018, when S.V. was seven years old, another report was filed with CPS because Martina attempted to place S.V., unaccompanied, into an Uber to return him to John at the end of their scheduled visit. John moved to modify their custody agreement and, when Martina failed to appear at the hearing

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-25200

on the matter, the district court awarded John sole legal and physical custody of S.V.

In July 2019, John filed a petition to terminate Martina's parental rights. Within a matter of months of that filing, Martina was involved in a car accident with her one-year-old daughter in the car while driving with a suspended license and under the influence of multiple illicit substances.[2] Days later, Martina began serving a jail sentence for her failure to abide by the drug counseling requirements ordered in a former criminal matter.[3] In Spring 2021, Martina and her mother visited with S.V. at the Family Mediation Center; it was the first time Martina had seen S.V. since Spring 2018. After an evidentiary hearing, the district court granted John's petition and terminated Martina's parental rights, finding multiple grounds of parental fault and that termination was in S.V.'s best interest. Martina now appeals.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014). Substantial evidence is that which "a reasonable person might accept as adequate" to support a conclusion. *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007).

---

[2]Martina was charged with a felony for leaving the scene of the accident, but she later pleaded to a felony reckless driving charge.

[3]Martina was sentenced to serve 120 days in jail but ended up serving 118 days from September to December 2019.

Martina argues that the district court erred in terminating her parental rights because John failed to prove grounds of parental fault by clear and convincing evidence and because it was not in S.V.'s best interest. *See* NRS 128.105(1). Turning first to the grounds of parental fault, we conclude that the district court's findings of abandonment and unfitness are supported by substantial evidence.[4] As a preliminary matter, the district court properly applied the statutory presumption that Martina abandoned S.V. because she failed to communicate with him or provide for his support for more than six months. NRS 128.012(2); *see also In re N.J.*, 116 Nev. at 804, 8 P.3d at 135 ("[A]pplication of the statutory presumption of abandonment contained in NRS 128.012(2) is not discretionary."). And although Martina contends that she presented sufficient evidence to rebut the presumption, we agree with the district court that her evidence of infrequent and inconsistent contact attempts did not rebut the presumption that she intended to abandon S.V. *See In re Parental Rights as to Montgomery*, 112 Nev. 719, 727, 917 P.2d 949, 955 (1996) (explaining that "[i]ntent is the decisive factor in [determining] abandonment and may be shown by the facts and circumstances" of the case), *superseded by statute on other grounds as recognized by In re N.J.*, 116 Nev. at 798-01, 8 P.3d at 131-33. Indeed, Martina's child support payments were only sporadic until John filed the underlying termination action, and the record reflects that Martina frequently went months without contacting S.V., including while she was incarcerated. And Martina produced no evidence that she sent S.V. any letters, cards, or presents while he was living with John. *See Sernaker v.*

---

[4]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), we need not review the district court's other findings of parental fault.

*Ehrlich*, 86 Nev. 277, 280-81, 468 P.2d 5, 7 (1970) (holding that "[l]ack of support plus other conduct such as a failure to communicate by letter or telephone, or absence of sending of gifts is sufficient to uphold" a district court's abandonment finding). Moreover, Martina neither opposed or appeared at the hearing on John's motion for sole custody, nor did she attempt to modify custody at any point thereafter.

We also agree with the district court that John demonstrated that Martina is an unfit parent by clear and convincing evidence, as the record contains ample evidence of Martina's "fail[ure] to provide [S.V.] with proper care, guidance and support." NRS 128.018 (defining an "unfit parent"). While Martina has not been actively involved in much of S.V.'s day-to-day life, the record demonstrates her diminished suitability as a parent, such as the number of times S.V. was either late to or absent from school while in Martina's care, her history of leaving S.V. with other caregivers and not returning for extended periods of time, and her attempt to place S.V. unaccompanied in an Uber vehicle at a young age. *See* NRS 128.105(1)(b) (providing that the court may consider whether a parent's conduct toward the child diminishes their suitability as a parent). And Martina's numerous arrests for drug-related offenses, failed drug tests, and failure to participate in court-ordered substance abuse counseling, as well as her felony conviction for driving under the influence of illicit drugs, confirm that her use of controlled substances has "render[ed] her consistently unable to care for [S.V.]." NRS 128.106(1)(d), (f) (requiring the district court to consider a parent's felony convictions when determining whether that parent is unfit).

We next reject Martina's argument that the district court improperly found termination was in S.V.'s best interest. Although the record demonstrates that S.V. indicated he would like to see Martina again

SUPREME COURT
OF
NEVADA

(O) 1947A

after a court-ordered supervised visitation, the record does not support her contention that S.V. "objected" to having her rights terminated. *Cf.* NRS 125C.0035(4)(a) (providing that, when considering the best interest of the child, the district court may consider the child's wishes if he "is of sufficient age and capacity to form an intelligent preference as to his" custody). We further conclude that the record supports the district court's finding that terminating Martina's parental rights was in S.V.'s best interest, as the record demonstrates that S.V. has thrived while living with John and he is well-bonded to John's wife, who intends to adopt S.V. *See In re N.J.*, 125 Nev. at 843, 221 P.3d at 1261 ("In determining what is in a child's best interest, the district court must consider the child's continuing need for 'proper physical, mental and emotional growth and development.'" (quoting NRS 128.005(2)(c))). For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Parraguirre

_____, J.                    _____Sr.J.
Silver                                          Gibbons

cc:    Hon. Soonhee Bailey, District Judge, Family Court Division
       The Law Offices of Frank J. Toti, Esq.
       Marathon Law Group
       Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.